**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COLLEEN J. DEEGAN-PRICE, et al.,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Action No.: CBD 05-3034** |
| **KOLA FAJANA, et al.,** | * | |
| **Defendants.** | * | |

******

**MEMORANDUM OPINION**

The Court has received Defendant Kola Fajana's Pro Se Motion to Dismiss or in the Alternative, for a More Definite Statement Pursuant to Federal Rules 12(b)(6) ("Defendant's Motion") (Docket Item No. 34). The Court has reviewed Defendant's Motion and the opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, Court hereby GRANTS Defendant's Motion.

**I. Background**

Plaintiffs Colleen Deegan-Price ("Plaintiff Deegan-Price") and James Price, Jr. ("Plaintiff Price") filed claims of housing discrimination pursuant to the Fair Housing Act, 42 U.S.C.A. § 3605 ("Section 3605") and respondeat superior against Defendants Kola Fajana and Link Mortgage, L.L.C.[1] Plaintiffs, who are husband and wife, allege that in their attempt to

[1]Plaintiffs originally made claims regarding violations of 42 U.S.C.A. § 3604 and § 3605, intentional infliction of emotional distress, and respondeat superior, against Defendants Fajana and Link Mortgage, as well as other defendants. All claims were dismissed by the Court's Order of May 3, 2006, allowing Plaintiffs fifteen days to file an amended complaint. Absent such filing, this case was closed on June 26, 2006. That order was then vacated on September 11, 2006 and Plaintiffs were permitted to file their Amended Complaint, which is the subject of the

purchase a home, they made contact with a real estate agent ("the Agent") who was to assist in that purchase. The Agent showed them homes, gave them advice on steps to take to increase their chances in obtaining financing, and agreed to serve as their real estate agent. The Agent also referred Plaintiffs to Defendant Fajana, who agreed to assist them in obtaining a mortgage. After some interaction, the parties agreed for Defendant Fajana to serve as Plaintiffs' mortgage lender. Defendant Fajana gave Plaintiffs advice regarding how to increase their chances of qualifying for a loan package. Plaintiffs followed his suggestions and provided documents to Defendant Fajana per his request.

Plaintiffs further allege that after Plaintiffs provided the documents, Defendant Fajana and the Agent attempted to contact Plaintiffs by telephone on December 14, 2004. Plaintiffs were not home and an answering machine was activated in response to the telephone call. At that time, the Agent and Defendant Fajana engaged in a discussion that was captured by the answering machine, during which they discussed Plaintiffs among other things. Defendant Fajana inquired as to the race of Plaintiffs and was informed by the Agent that Plaintiff Price was African American and Plaintiff Deegan-Price was Caucasian, and that their daughter was "mixed." The Agent indicated that "when a black man marries a white woman they don't always choose the best one." Defendant Fajana inquired as to whether Plaintiff Deegan-Price was fat and was informed by the Agent that she was not fat, but that she was old.

Finally, Plaintiffs allege that after they heard the telephone conversation captured by their answering machine, they contacted the Agent and informed him that they had heard the conversation. Plaintiffs left a similar message for Defendant Fajana and requested a meeting.

---

Court's present Memorandum Opinion.

Plaintiffs attempted to schedule the meeting through the Agent as well. Plaintiffs allege that, after learning of Plaintiffs' race and family status, Defendant Fajana failed to return any telephone calls of Plaintiffs. Plaintiffs consequently lost the opportunity to purchase "the home of their dream."

**II. Discussion**

Defendant Fajana seeks to dismiss Plaintiffs' claims against him, arguing that Plaintiffs have failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, he contends that Plaintiffs' only evidence of discriminatory intent is the exchange he claims Defendant Fajana left on the answering machine and that, even if Defendant Fajana made the discriminatory statements, his "remarks and isolated statements" do not establish discrimination in a residential real estate related transaction in violation of Section 3605.

Plaintiffs argue that "the allegations in their Amended Complaint establish" that Defendant Fajana agreed to assist Plaintiffs in obtaining a mortgage loan, that he gave them advice on how to improve their chances of qualifying for the loan, that he made an inquiry about their race, and that after learning of their race, he refused to provide additional services.

This Court will only grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if Plaintiffs can prove no facts in support of their claims which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bruce v. Riddle*, 631 F.2d 272, 273-74 (4th Cir.1980). Plaintiffs are only responsible for providing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All well-pled allegations in the complaint will be considered to be true and all factual allegations will be construed in the light

most favorable to Plaintiffs. *See, e.g., Mylan Labs. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Finally, the Court will only consider the facts alleged by Plaintiffs and disregard all contrary allegations of the opposing parties. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989).

However, the Court is not required to give credence to bald allegations with no underlying factual or legal basis. *Migdal v. Rowe Price-Flemming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001). The Court also need not consider legal conclusions couched as factual allegations or conclusory allegations unsupported by reference to actual acts. *See, e.g., Papasan v. Allain*, 478 U.S. 265, 286 (1986); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In accordance with the foregoing standards, Plaintiffs' Complaint does not survive Defendant's Motion.

Plaintiff alleges a violation of the Section 3605, which states as follows:

> (a) In general
>
> It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

The test for a prima facie case first established for fair employment in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), has become a fundamental part of fair housing law. *Pinchback v. Armistead Homes Corp*., 907 F.2d 1447, 1451 (4th Cir. 1990); *see also Asbury v. Broyham*, 866 F.2d 1276, 1279 (10th Cir.1989)*; Selden Apartments v. HUD*, 785 F.2d 152, 159 (6th Cir.1986); *Phiffer v. Proud Parrot Motor Hotel, Inc*., 648 F.2d 548, 551 (9th

Cir.1980). To state a prima facie claim of housing discrimination under Section 3605, Plaintiffs must demonstrate that: (1) they were members of a protected class; (2) they attempted to engage in a loan transaction and met the necessary qualifications to do so; (3) Defendant Fajana refused to engage in the transaction despite Plaintiffs' qualifications; and (4) Defendant Fajana continued to engage in the same type of transaction with other applicants with qualifications similar to those of Plaintiffs. *See, e.g., Gaona v. Town & Country Credit*, 324 F.3d 1050, 1057 (8th Cir. 2003)*; Selden* 785 F.2d at 159; *Frison v. Ryan Homes,* No. Civ. A. AW-04-350, 2004 WL 3327904, at *5 (D. Md. Oct. 29, 2004); *Latimore v. Citibank, F.S.B.,* 979 F. Supp. 662, 665 (N.D. Ill. 1997); *Hickson v. Home Fed. Of Atlanta*, 805 F. Supp. 1567, 1571-72 (N.D. Ga. 1992).

Disregarding Defendant Fajana's contrary allegations, and construing Plaintiffs' pleadings in the light most favorable to them, Plaintiffs have still not pled sufficient facts to prevail against Defendant's Motion. Addressing the first element, Plaintiffs' Amended Complaint states that "when Defendant learned . . . that Mr. Price was black and Mrs. Price was white, Defendant Fajana refused to assist Mr. and Mrs. Price in obtaining financing to purchase a residential home." (Amend. Complaint ¶ 56). They also make some less factually supported assertions that the refusal related to the fact that they have a daughter. Plaintiffs have sufficiently pled that they are members of a protected class; Plaintiff Price is African American and Plaintiffs are an interracial couple. *See, e.g., Rosenblatt v. Bivona & Cohen, P.C.,* 969 F.Supp. 207, 217 (S.D.N.Y. 1997). They further claim discrimination based upon family status which also qualifies, providing the daughter is under 18 years of age. 42 U.S.C.A. § 3602(k).

Regarding the second element, however, Plaintiffs have not pled sufficient facts to suggest that they applied for and were qualified to obtain any loan. Plaintiffs state that Defendant reviewed their financial documents, discussed preliminary findings, and told Plaintiffs that he could assist them with a mortgage. (Amend. Compl. ¶¶ 17-19.) However, Plaintiffs even indicate that "Defendant Fajana thereafter instructed Plaintiffs to take certain steps to increase their chances to qualify for the loan." (Amend. Compl. ¶ 20.) Plaintiffs nowhere plead that they meet whatever qualifications may exist for obtaining such a loan. *Frison*, 2004 WL 3327904 at *5, *Hickson*, 805 F. Supp. at 1571-72. The Amended complaint makes repeated references to Defendant Fajana "taking steps" to assist Plaintiffs in qualifying. (Amend. Compl. ¶¶ 20, 22, 55, 56, 58.) Even construing the pleadings in the light most favorable to Plaintiffs, their assertion that they were advised on how to "improve their chances" of qualifying only permit the inference that they were not qualified. It cannot be construed from the Plaintiffs' Amended Complaint that they applied for and were qualified to obtain a loan.

Third, Plaintiffs have, albeit barely, sufficiently pled that Defendant Fajana refused to engage in the transaction with Plaintiffs. Plaintiffs state that, after the overheard telephone conversation, Defendant Fajana failed to return any of their telephone messages or schedule any meetings with them. (Amend. Compl. ¶ 48.) The Court notes that Plaintiffs still have only weakly satisfied their pleading burden with respect to this element. They assert that after hearing the answering machine tape, they (1) left Defendant Fajana a voicemail message, (2) requested that the Agent arrange a face-to-face meeting with Defendant Fajana, (3) and "telephoned" Defendant Fajana on a Friday and a Saturday, and then (4) Plaintiffs thereafter "discontinued their effort to obtain a loan through Defendant Fajana . . . after their attempts to schedule several

meetings failed." (Amend. Compl. ¶ ¶ 38-39, 41-45, 50.) Plaintiffs do not indicate whether messages were left for Defendant Fajana during the two telephone calls mentioned in (3) above, and many of their related assertions involve interactions through the Agent rather than Defendant Fajana.

In that vein, Plaintiffs' own pleadings make Defendant Fajana's actions appear more like acts of neglect than acts of refusal. Likewise, the third element requires that Defendant Fajana refused to engage in the transaction "in spite of Plaintiffs' qualifications." As previously indicated, Plaintiffs have not alleged that they were qualified to obtain any loan. Nonetheless, in spite of the preceding deficiencies, in an effort to do justice, and making all inferences in favor of Plaintiffs, the Court finds that the third element has been sufficiently pled.

Finally, Plaintiffs have not alleged that Defendant Fajana continued to engage in the same type of transaction with other applicants with qualifications similar to those of Plaintiffs. Plaintiffs make no allegations regarding the actions of Defendant Fajana after communication with Plaintiffs ceased. Instead, they simply refer to Defendant Fajana's inaction in failing to return a voicemail message and possibly telephone calls. Plaintiffs nowhere plead that Defendant Fajana otherwise engaged in the act of securing loans for other applicants with qualifications similar to those of Plaintiffs. *See Frison* 2004 WL 3327904 at *5, *Hickson,* 805 F. Supp. at 1572. Accordingly, the Court cannot find that Plaintiffs pled sufficient facts with respect to the fourth element. Because Plaintiffs have provided no facts to support the second and fourth elements, Plaintiffs have failed to plead a prima facie case for their claims pursuant to Section 3605. Plaintiffs have therefore failed to state a claim upon which relief can be granted and this case warrants dismissal against Defendant Fajana pursuant to Fed. R. Civ. P. 12(b)(6).

**III. Conclusion**

For the foregoing reasons, Defendant's Motion is hereby GRANTED. The Court finds Plaintiffs have failed to plead a prima facie case under the Fair Housing Act, 42 U.S.C.A. § 3605, and hereby DISMISSES Count I against DEFENDANT FAJANA, as alleged in Plaintiffs' Amended Complaint.

/s/
Charles B. Day
United States Magistrate Judge
May 29, 2007

CBD: acg